UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI KOURANI,<br><br>    *Plaintiff*,<br><br>v.<br><br>MARK P. DENBEAUX and SETON HALL UNIVERSITY,<br><br>    *Defendants*. | Civil Action No. 23-01252<br><br>**OPINION**<br><br>June 4, 2025 |

**SEMPER**, District Judge.

  **THIS MATTER** comes before the court on Defendants Mark P. Denbeaux and Seton Hall University's ("SHU") respective Motions to Dismiss (ECF 54, "Denbeaux Mot."; ECF 55, "SHU Mot."; collectively, "Motions") Plaintiff Ali Kourani's Amended Complaint (ECF 47, "Complaint" or "Compl."). The Court has decided this Motion upon the parties' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons set forth below, Defendants' Motions are **GRANTED**.

  **WHEREAS** Plaintiff's claims arise from events preceding his 2019 conviction for terrorism-related offenses, in which a jury found that he acted as an agent of the terrorist branch of Hizballah, a Lebanese political and paramilitary organization which has been a Designated Foreign Terrorist Organization by the U.S. Department of State since 1997. (*See generally* Compl.) At some point in early 2017, Plaintiff engaged Mark P. Denbeaux—a lawyer, activist, and professor at SHU—to represent him in relation to "a family dispute over his kids' custody" in light of Plaintiff's status as a "person of interest" to the FBI and other federal authorities. (*Id*. ¶¶

1

10-13.) Plaintiff states that on Defendant Denbeaux's advice, he met with FBI agents five times over approximately two months in 2017. (*Id.* ¶¶ 16-18.) On May 31, 2017, the United States Attorney's Office for the Southern District of New York filed a criminal complaint against Plaintiff, charging him with numerous crimes relating to his involvement with and material support of Hizballah. (Denbeaux Mot. Ex. B-1.) The next day, June 1, 2017, Plaintiff was arrested by the FBI. (Compl. ¶ 20.) Shortly thereafter, Defendant Denbeaux ceased his representation of Plaintiff, and Plaintiff retained other counsel to represent him in his criminal proceeding. (*Id.* ¶¶ 20-21.) Defendant Denbeaux submitted a declaration in support of Plaintiff's motion to suppress evidence obtained by the FBI during the 2017 meetings at SHU and testified at the suppression hearing, but Plaintiff ultimately lost that motion. (*Id.* ¶¶ 23-24; *see also* Denbeaux Mot. Exs. B-2, B-3.) On December 8, 2018, Plaintiff filed a motion for a finding that Defendant Denbeaux provided ineffective assistance of counsel by permitting Plaintiff to meet with the FBI; this motion was denied after briefing on January 11, 2019. (Denbeaux Mot. Exs. B-4, B-5.) After a trial, Plaintiff was convicted of all but one of the charges he faced, and on December 3, 2019, the Court sentenced Plaintiff to 480 months in prison with a five-year term of supervised release. (Denbeaux Mot. Ex. B-8.) After the sentencing, Plaintiff appealed both his conviction and the denial of his motion for a finding of ineffective assistance of counsel, and the Second Circuit affirmed the trial court's rulings on both of those issues. *United States v. Kourani*, 6 F.4th 345, 353-354, n. 24 (2d Cir. 2021); and

**WHEREAS** Plaintiff initiated this lawsuit by filing a complaint and motion to proceed *in forma pauperis* on July 13, 2022, asserting claims for "breach of attorney-client contract," breach of fiduciary duty, constructive fraud, professional negligence and legal malpractice, negligent misrepresentation, "aiding and abetting in breach of fiduciary duty," and intentional infliction of

emotional distress. (ECF 1, 2.) Defendants moved to dismiss the complaint and the Court granted the parties' motions on August 14, 2024, dismissing the complaint without prejudice. (ECF 22, 31, 45, 46.) On October 8, 2024, Plaintiff filed the operative Amended Complaint, asserting many of the same claims and some new ones: professional negligence and malpractice (Count I); constructive fraud (Count II); breach of contract (Count III); negligent misrepresentation (Count IV); breach of fiduciary duty (Count V); aiding and abetting breach of fiduciary duty (Count VI); intentional infliction of emotional distress (Count VII); breach of the covenant of good faith and fair dealing and punitive damages (Count VIII); and violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution (Count IX). (Compl. ¶¶ 44-109.) Plaintiff asks this court for relief in the form of: a declaratory judgment that his rights were violated; an order enjoining Defendants to "keep all their promises for advocating on the [P]laintiff's behalf by addressing his griefs [*sic*] to media, attorneys, and others;" an order enjoining Defendant SHU "from participating in any criminal cases that have terrorism charge [*sic*];" an order "appointing a pro bono attorney for the [P]laintiff in his criminal case, establish [*sic*] a clinic to defend him, go after the FBI broken promises and advocate for his immediate release;" nominal damages of $1.00; compensatory damages of $2.75 million; punitive damages of $10.25 million; "a jury trial on all issues triable by a jury;" recovery of Plaintiff's costs in this suit; and other damages the Court deems appropriate. (*Id.* ¶¶ 110-115.) Defendants then filed the instant Motions (ECF 54, 55), Plaintiff filed a Response in Opposition to the Motions (ECF 59, "Opp."), and Defendants filed Reply Briefs (ECF 62, 63); and

      **WHEREAS** Federal Rule of Civil Procedure 8 requires that a pleading "contain a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663. *Iqbal*'s "'plausibility' standard does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011). A federal court evaluating a motion to dismiss must disregard any legal conclusions. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210−11 (3d Cir. 2009). Instead, the court must determine whether the alleged facts are sufficient to show that plaintiff has a plausible claim for relief. *See id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks and citation omitted); and

**WHEREAS** the doctrine of collateral estoppel "operates broadly to prevent a party from litigating issues that have been adjudicated and decided previously by another court." *Alevras v. Tacopina*, 399 F. Supp. 2d 567, 571 (D.N.J. 2005), *aff'd*, 226 F. App'x 222 (3d Cir. 2007). To support a finding that an issue is precluded by collateral estoppel, a party must demonstrate to the Court that "(1) the issue presented in the earlier action was identical to the one raised in a later action; (2) there was a final judgment on the merits; (3) the party asserting the issue earlier is the same or is in privity with the party currently raising the issue; (4) the party was given a full and fair opportunity to litigate the issue; and (5) the determination of the issue was essential to the final judgment." *Id*.; and

**WHEREAS** Defendants have demonstrated that Plaintiff is collaterally estopped from litigating the issue of whether Defendants provided deficient counsel to Plaintiff. Counts I, II, III,

IV, V, VI, and VIII all amount to attempts by Plaintiff to resurrect his motion for a finding of ineffective assistance of counsel. These counts restate the same claims in Plaintiff's motion and subsequent appeal against the same parties. *Compare* Compl. *with Kourani*, 6 F.4th 353-354, n. 24. The record of Plaintiff's criminal litigation reflects that he received a full and fair opportunity to litigate this issue, and that the courts that heard these claims in the first instance issued final judgments on the merits in which this issue was central. As such, Defendants have sufficiently demonstrated that Plaintiff must be collaterally estopped from relitigating this issue, and these counts must be dismissed; and

**WHEREAS** Plaintiff's remaining counts (Counts VII and IX) fail to state claims for which relief can be granted. Count IX fails because Defendants (a natural person who holds no state or federal office, and a private university) are not state actors and therefore are not proper parties against whom Plaintiff can allege violations of his constitutional rights. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141–42 (3d Cir. 1995) (affirming that "constitutional standards are invoked only when it can be said that the [government] is responsible for the specific conduct of which the plaintiff complains."). Finally Count VII fails because Plaintiff has not pleaded facts that suggest either Defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Ingraham v. Ortho-McNeil Pharm.*, 25 A.3d 1191, 1195 (N.J. Super. Ct. App. Div. 2011).

Accordingly, Defendants' Motions to Dismiss are **GRANTED**. An appropriate order follows.

    */s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Cathy L. Waldor, U.S.M.J.
        Parties